May it please the Court, I'm Karen Landau and I represent the appellant, Bobby Thompson. This case presents a very limited question after U.S. v. Ferguson, whether on this record the case should be remanded to allow the district court to consider whether if she had been aware of the changed standard enacted by Edwards v. Indiana, she would have denied Mr. Thompson's motion to proceed pro se and or would have granted his motion for reappointment of counsel in January 2007. Edwards simply says that the trial court is permitted to require it. Yes, that's right. It's discretionary under any circumstances. Why would a remand be appropriate on that basis? Well, in this case, Your Honor, Mr. Thompson, well, first of all, we have an intervening case, U.S. v. Ferguson, which says that a remand is the proper procedure when there is a case in which the record shows both malingering and possible mental impairment. This case is very, very much like Ferguson. But also, just as in Edwards v. Ferguson in this case, I mean, it seems to me that Judge Collins was extraordinarily, extraordinarily lenient. Your Honor, she was. Yes, she was. Like 12 or 13 times with a continuance. There was a specific finding of malingering. I mean, she held hearings. I can't imagine what other hearings she could hold that would inform her any better than what she was when she made the decision. Well, Your Honor, I don't think it's whether she would have been informed better. I think it's whether under a different standard she would have just said, you know what, you're not. But the standard is simply you have the discretion to do that. Correct. And the question is, I think that this record supports the conclusion that there is certainly a strong possibility, and that's all we have to show for remand, that she would have required him to proceed with counsel. Because, I mean, I agree, Your Honor. I clerked for a district court judge, and Judge Collins was quite generous, and this was undeniably a difficult defendant. I've said that in my brief, and I will admit that today. But the fact that he was a difficult client and the fact that there was evidence of malingering does not mean there was not also strong evidence of mental impairment. And, in fact, there was. And the truth is that defendants who are mentally impaired, often in unusual ways, also frequently malinger. They are not inconsistent. And that is the kind of defendant, I think, who under Edwards v. Indiana, who may be, well, competent to stand trial, but not qualified to represent himself. What would Edwards have added to Judge Collins' analysis? I think it's a variation on the question of Judge Smith. Sure. What does Edwards change? So if we send it back to Judge Collins, she would read Edwards, and what is she supposed to understand from Edwards? Well, what she understands is that she has the discretion. The thing is, is prior to Edwards, most courts operated under the assumption that under Dusky and Godinez, if a defendant was competent to stand trial, then they had absolute right to represent themselves. Edwards makes clear that that is not the case. And Ferguson also makes clear that that is not the case. But that doesn't appear to be the assumption that Judge Collins was operating under. And I think she was. Because otherwise, she – because the fact is, is that she – I think that that If she had decided that he had to be represented, that she would have also decided to stop the trial because he wasn't competent? No, but I think we're talking about two different – well, I'm not sure that I followed exactly what you said. I think it's clear he was competent. I mean, I think he was competent to stand trial. And the record – the part of the record that I think shows that she applied this sort of absolute standard is especially in – okay. When we go back, okay, originally in 2005, he doesn't show up for trial, right? He doesn't show up for trial. And his lawyer said she'd been having trouble communicating with him. So then he gets found competent. They reschedule the trial. Eventually he gets a new lawyer. But by the time he's on his third lawyer in August of 2006, the judge – and at that point, he – again, he has a disagreement with the lawyer, with Richard Novak. And he says, well, you're not doing what I want, so I want to represent myself. Now, at that point, if – I think if the judge – I think the record supports the conclusion that certainly if the judge has had the discretion to deny his motion, because she's already made the ruling that he's trying to delay the trial, there's evidence in the record that he's got mental problems. He's not acting rationally. He's not acting in his God's interest. Actually, counsel, with respect, I'm looking now at the – this is the competency hearing. In 2007. Order regarding defendant's competency to stand trial and trial date on page 15, line 24. The court finds that defendant's telephone calls referring to his wife and so on, they guarantee that this wasn't going to happen. Made it clear that despite displaying signs of depression and complaining of auditory hallucinations, defendant is completely lucid and clear in his telephone conversation. Defendant does not mention any mental health issues in these telephone calls and states repeatedly that the trial will not proceed. The court finds the telephone call's support of finding the defendant is malingering his mental health symptoms. So under the circumstances, the judge, after all these experiences, she's come to this conclusion. As we've both been saying, when you add Edwards, what's changed? I mean, that doesn't really add anything other than she knows she has the discretion to do what she did. Well, Your Honor, again, with due respect, I would say two things. First of all, despite Judge Collins' ruling, there is evidence in the record to the contrary, and there's evidence even after that from the prison psychiatric records. That's the nature of these proceedings. That's correct, but they're – The judge took it all into account and made these findings. Right. As to competency, but no one ever evaluated him for mental impairments aside from competency. The record, the psychiatric evidence, there were at least two prison psychiatrists, both of whom, one said he had a psychosis not otherwise specified, a very serious diagnosis. The other said he was very depressed with psychotic features. And those diagnoses – the thing is, is if you're applying a strict competency standard under Godinez prior to Edwards, yes, he's competent to represent himself. He gets to decide. But now, maybe not. And I think that the judge should have the opportunity to revisit that ruling. That's all we're asking for. The – I think that answered – I hope that answered your question. I think I had another point I wanted to make. Oh, yes. There is another thing to consider in this context, and one is, while the record is definitely indicative of – oh, there's two points I had. Okay. So first, Edwards, just as in this case, in Edwards the court had made a finding of malingering. And one of the things – I'm sorry, not Edwards, Ferguson. And one of the things that this court noted in Ferguson was that even if – in considering the mental impairments is they looked at the conduct at sentencing. And at sentencing, even after there was no reason to continue that behavior, in Ferguson, the defendant kept making these crazy, crazy arguments. And that's exactly what happened here. My client at sentencing, when the judge asked him if he had anything to say, he said no. He kept filing these, frankly, frivolous motions for reconsideration. Certainly, it's generous to call them abstruse. And he persisted in his conduct, even though at that point there was nothing to be gained. So the record is indicative, while there's certainly evidence of malingering, there's also evidence of a genuine disorder. I would like to point the court also to the whole concept of functional ability, which is this idea that mental impairments often a defendant – a defendant who suffers from a mental impairment, some of them can become – competency can go up and down and mental health can go up and down over time. And it is not uncommon, and it's been seen in the death penalty context, for defendants to start to decompensate as trial approached, and then they get better. And they may be competent to stand trial, but they are in no way competent to represent themselves. That's what Edwards allows for. And in this case, I would submit that it's appropriate to require a remand. Let the district judge decide if she would have reached a different ruling. I'll save my last minute for rebuttal. Okay. Mr. Landau. Mr. Baker. May it please the Court. While I can certainly address why the issuing judge didn't abuse his discretion in granting the wiretap, I think the main issue for oral argument is the effect that the committee made on Edwards' decision. I think one thing that's been missing from the conversation so far is that Edwards is not a grant of unbridled discretion. I think this Court recognized in Ferguson, and Edwards itself makes it clear, that it's only in the circumstance where a defendant suffers severe mental illness that a court is justified in denying a defendant the Sixth Amendment right to represent himself at trial. And I think on this record, that, frankly, is dispositive. In other words, Judge Collins specifically found that he had no mental issues or mental deficits that would preclude him from proceeding to trial after an evidentiary hearing and reviewing the telephone calls. So we have a finding here that the defendant is malingering and he does not suffer from severe mental illness. So I gather your position, understandably, is that Edwards is almost irrelevant here because he has no, in this case, Mr. Thompson has no severe mental illness, and that was the Court's point in Edwards. That's correct. In other words, you only get to exercise your discretion to limit the Sixth Amendment right where there is severe mental illness. Here you have a finding that there is no severe mental illness. Therefore, there is no purpose in a remand. Further, I think you can distinguish this case from Ferguson in any number of different ways. For example, one of the factors that this Court referenced in Ferguson was the District Court's comment, Judge Les' comment, that it was terrible to let him represent himself. I would like to force counsel on him, but he has an absolute right to represent himself at trial, and I would rather declare him competent, but I can't do that under the law as it stands. In this case, you have none of those statements by the District Court, and I think if you actually look at the October 4th hearing when he first goes pro se, you have the exact opposite. You have government counsel saying he has an absolute right to counsel, not an absolute right to represent himself. So I think this case is obviously distinguishable from Ferguson on that basis. It's also distinguishable from Ferguson on the basis of the fact that the defendant here was an active participant at trial, in contrast to the defendant in Ferguson. In Ferguson, the defendant makes no objections, makes no statements, asks no questions, gives no closing argument, and here we've included in our excerpts instances where the defendant is an active participant in jury selection. He's striking. What role under our case law does, at least from the record, it seems like defendants develop the real expertise at postponing things. He was smart when he needed to be smart. He was dumb when he needed to be dumb. He knew how to file something when he needed to file something. He didn't file something when he didn't need to file something. Is there any case law that you can cite us to that would, independent of the Edwards issue raised by opposing counsel, would be dispositive of this case in terms of the facts of what he did? Certainly. I think the court's question really goes to the issue of the continuance and not so much to the issue of self-representation because I think Edwards bears on the one. The cases that we cited in our brief were the Garrett case. We also cited the Levitt case, and these are cases which basically say that you cannot use the right to counsel as a ploy to gain additional time. I think that is a direct quote from the Lustig case that we also cited in our brief, L-U-S-T-I-G. And so what you have in these cases, Garrett, Levitt, and Lustig is a recognition that even where a defendant would be pro se at trial, if you see a course of conduct that is dilatory, you see a defendant who is attempting to more or less gain the system, and that's something that Judge Collins specifically found on more than one occasion, that a defendant can be unrepresented. And I think, frankly, maybe one of the most telling things is that the case that the defendant relies on to the contrary, the Menafield case, which was a Judge Reinhardt opinion, that case involved the issue of whether a defendant who was pro se could then reassert the right to counsel for purposes of having counsel file a new trial motion. And the court said, well, we're going to allow that. But in the course of saying that, Judge Reinhardt specifically observed there are occasions when the justice system would be poorly served to allow a defendant to reverse course at the last minute and insist on counsel, and that's exactly what we have here. I think the court is perfectly correct in characterizing what happened as these sort of tactical decisions. I think one of the specific things that I can point to in the record is that you have a defendant who says, on the 12th, says, if I don't have enough time, if you won't give me more time that I want to prepare my wiretap motion, then I want counsel to represent me. But you have the January 4th hearing and the December 6th hearing before that. And at the December 6th hearing, Mr. Novak, who was at the time advisory counsel, says, well, Your Honor, what's going to happen if this defendant later changes his mind and says, hey, I'd like to be represented by counsel? And Judge Collins specifically says, well, it will depend on the timeliness of that request and I'll evaluate that. But if this is going to be a last minute thing, I'm probably not going to be inclined to grant it as much as I would if it's raised in advance. So no request is made then. Then you have the January 4th hearing where there's specific colloquy between the defendant and the court about the same thing, namely additional time to prepare the wiretap motion that he wanted to prepare. And so when the defendant says, well, I need this much time, and the court says, well, I'm not going to give you that much time, but I'm going to allow you to file your motion even though it's probably a little late by this point, the defendant at that time doesn't request counsel either. What he does is he files a motion to recuse Judge Collins that he knows will stay the proceedings and prevent Judge Collins from taking any action until that motion is decided. In other words, another pretext for delay. And it's only on January 12th, the eve of trial, because the 15th was a holiday, that the defendant comes in and asks, well, I want counsel if you're not going to give me the time I want to prepare my wiretap suppression motion. And I think if you compare the record in this case to the record in Garrett, and if you compare the record here to the Studley record, Studley is the case where this court said after I think it was two continuances that, well, this court has already displayed admirable patience, and we're not going to take issue with the fact the defendant proceeds to trial. Here, there was far more patience exercised. There were 18 continuances of trial over the course of roughly two and a half to three years. And so I think apart from the self-representation issue in Edwards, that that disposes of the counsel issue and the continuance issue that we briefed in our papers. If I could just return briefly for a moment to the distinguishing the case from Ferguson, because I think the real issue is whether or not there should be a remand here. And essentially what we already have in the district court is exactly what would happen in a Ferguson remand. In other words, if there are going to be any cases that are not automatically remanded, this is the case and this is the record. You had an evidentiary hearing over the course of two days starting on the 16th of January and continuing through February 8th where the court took testimony from multiple mental health professionals. And I think the significant factor is none of that testimony was predicated on the dusty standard that was at issue. In other words, in those hearings, the court was not focused on whether or not the defendant could assist counsel in a defense. Everybody at the hearing knew that he was pro se at that time. And so the testimony at the hearing was properly focused on whether or not he would be prepared for trial. And that's essentially what the district court announced at the outset of the hearing. If the court looks at the beginning of the transcript, I think it's on excerpts of records 707 and 708, the court says we're not holding a competency hearing. We're not even at that point. And what this hearing is for is to determine whether the defendant has any mental issues that would prevent him from being ready for trial. That is the Edward standard. And so I think there's already been the fact finding that's necessary. So there's really no purpose here for a remand because that question has been answered. There's a finding that the defendant was malingering and didn't suffer from severe mental illness. The defendant concedes that finding is supported by the record. And because of that, that's dispositive. If the court wants me to address the wiretap, I'm happy to do so, but otherwise I would submit the matter. Roberts. Thank you very much, Mr. Baker. Ms. Landau, I think you have some time reserved. Landau I'd like to take issue with a few points made by the government. First of all, the court did not make any finding that he had, that my client has no severe mental impairment. That finding was never made. And, in fact, the record supports that he had mental impairments. The psychiatric reports are of limited utility because it's clear that they were evaluating him for competency. They looked at him to see whether he could stand trial. They looked at him to assess. And the later hearing did not have to do with the so-called Edward standard, but it had to do with the effect of medication on him. And because his attorneys were reporting that he was so heavily medicated that he couldn't communicate with him. You know, as far as my client being an active participant at trial, what he was was a fixated participant at trial. He was fixated on this idea of the search. He asked questions that were not helpful. The fact that he could get up and ask some questions is not dispositive. You know, again, I think one of the things to look at is not, it's important to look not only at the court's declining to reappoint counsel in January. It's important to go back to August. By that time, the court had already relieved two attorneys. My client had already gone pro se twice. He flip-flopped. There was evidence of mental impairment. I believe that had the court had the benefit of Edwards at that time, the judge might well have concluded, look, I'm denying your motion to proceed pro se. You're sticking with Mr. Novak. We would have had a different, you know, we may well have had a different result at that point. Again, I'd like to stress that the fact that he was malingering is not inconsistent with a severe mental impairment. There's strong psychiatric, even though the psychiatric reports are of limited utility because they are using a different standard, they are also indicative of mental impairment. If it goes back to the district court, the district court can decide to allow what, you know, the court may order an additional exam. And the court can exercise its discretion. It's a small burden, and it will ensure that this defendant gets the process he's entitled to under Edwards and Ferguson. Thank you. Roberts. We thank both counsel for the argument. United States v. Thompson is submitted. The final case on the calendar today is United States v. Moore.
judges: Nelson T. G., Bybee, Smith M.